UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                      :

ERIN O'DONNELL, *et al.*,         :
                      :      CASE NO. 1:14-cv-02612

         Plaintiffs,     :

                      :

v.                      :      OPINION & ORDER

                      :      [Resolving Doc.46.]

CITY OF CLEVELAND, *et al.*,    :

                      :

         Defendants.     :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 25, 2015, Plaintiffs filed a Motion to Compel Discovery.[1] Plaintiffs state that Defendants have not provided discovery regarding other officers who used deadly force and were assigned to the "gym." On September 8, 2015, Defendants filed a response to Plaintiff's motion.[2] For the below reasons, this Court **PARTIALLY GRANTS** Plaintiff's Motion to Compel Discovery only as to the payroll records.

## I. Background

On May 5, 2015, this Court ordered that Defendants produce documents involving other officers who discharged a firearm, the discipline/change in duty assignments received by the officer discharging the firearm, and that officer's race/ethnicity in each incident for the five years preceding November 29, 2012.[3]

After Plaintiffs notified the Court of a discovery dispute, this Court made an order on August

---

[1] Doc. 46.
[2] Doc. 47.
[3] Doc. 32.

-1-

Case No.  1:14-cv-02612
Gwin, J.

11, 2015. In that order, this Court advised the Plaintiffs to file a motion to compel on the docket if

they believe they are entitled to documents which they have not yet received.[4/]

On August 25, 2015, Plaintiffs filed a motion to compel discovery.[4/] In that motion, Plaintiffs

state that they have not received the ordered documents. On September 8, 2015, Plaintiffs filed a

response.[5/]

## II. Analysis

First, Plaintiffs contend that Defendants have failed to provide change in duty documentation

for 35 officers. In their response, Defendants admit that "change in duty assignment information

remains missing for roughly 41 officers."[6/] Defendants explain that these documents cannot be

located "either because Division of Police Record Retention Policies have destroyed the information

or simply because they do not exist."[7/]

Second, Plaintiffs say that Defendants have not produced any gym sign in sheet or daily

report.[8/] However, in their response, Defendants state that on September 3, 2015,  they turned over

Daily Duty Assignment information from the policy gymnasium for the dates between 2008-2012[9/].

Defendants state that Daily Duty Assignment and Daily Duty Reports are retained for only

three years.[10/] Because the City's document retention plan only keeps documents for three years, the

Daily Duty Reports are not available for the longer time period ordered by the court.

---

[4/]Doc. 45.
[4/]Doc. 46.
[5/]Doc. 47.
[6/]Id..
[7/]Id.
[8/]Doc. 46.
[9/]Doc. 47.
[10/]Id.

Case No.  1:14-cv-02612
Gwin, J.

Further, Defendants state in their response that they will be providing Plaintiffs with Officer

Information Sheets, Officer Personnel Cards, and additional Administrative Duty Memos by the end

of this week.[11/]

Finally, Plaintiffs state that payroll records would assist them in determining when officers

were assigned to the "gym." Defendants do not offer any explanation as to why the payroll records

have not been produced.

### IV. Conclusion

Based on Defendants' representation to this Court that documents responsive to this request

either do not exist or have already been produced to Plaintiffs, the motion to compel discovery is

**PARTIALLY GRANTED** only as to the payroll record .

IT IS SO ORDERED.


Dated: September 10 2015                    s/          *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE


---

[11/]Id.